IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                           CASE NO. 3:25cr150/MCR

GREGORY EARL SIMONDS JR.
_____/

## FACTUAL BASIS FOR GUILTY PLEA

This statement of facts is submitted on behalf of the undersigned parties. All parties agree that if the above-captioned case were to go to trial, the government could produce competent, substantial evidence of the following facts to prove the defendant is guilty of Count One of the Superseding Indictment to which the defendant is pleading guilty. The parties further agree that all of the following facts are true and correct and that not all of the facts known from or related to this investigation are contained in this brief summary.

## STATEMENT OF FACTS

On or about February 15, 2025, at approximately 2:07 p.m. CST, Defendant Gregory Earl Simonds Jr. drove up to the Emerald Coast Harley Davidson dealership located on Beal Parkway in Fort Walton Beach, Florida, and had a brief altercation with a group of individuals identified as being associated with the Pagans Motorcycle Club ("Pagans") while standing in his car doorway in the parking lot. The defendant got back in his car and started to drive away. Before he left the parking lot, he lit and

1


FILED IN OPEN COURT
3/10/26
CLERK, UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

released an M-type explosive (sealed cardboard tube containing explosive material with a pyrotechnic fuse) out of his car window, which exploded on the ground approximately near a Jimmy John's restaurant that shared a parking lot with the dealership.

During his altercation with the Pagans and the explosion, the Okaloosa County Sheriff's Office ("OCSO") responded to multiple 911 calls reporting an incident at the dealership/restaurant.

The blast caused by the explosion broke two windows and caused other damage to the exterior of the Jimmy John's building. When one of the windows broke, shards of glass hit and caused minor personal injury to an employee working inside. The restaurant, which is a national chain that conducts business in interstate commerce, had to be closed due to the incident. The defendant agrees he set off an M-type explosive in the middle of the shared business parking lot with deliberate disregard of the likelihood that damage or injury would result.

The defendant's car, which was described and identified by witnesses on scene, was located at approximately 2:30 p.m. CST and lawfully stopped by OCSO deputies. The defendant was the driver and sole occupant and matched witnesses' description of the person who was involved in the altercation and set off the explosive. The defendant was removed from his car, and authorized Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and state personnel lawfully searched and cleared

his car for any potential explosive devices, hazardous materials, or dangerous weapons. They found and seized, among other things:

- on the front passenger seat, a leather vest bearing patches and other indicia of membership or association with the Outlaws Motorcycle Club ("Outlaws")—which matched the description of what the suspect wearing provided by witnesses' at the scene of the altercation and explosion—with one M-type explosive, a Taurus .45 caliber pistol, and other items;

- in a black bag located on the front passenger floorboard, three additional M-type explosive bombs in a drawstring bag, a S.W.D. Inc. (Cobray) Model M11 9x19 millimeter pistol, and other items;

- small amounts of suspected narcotics and miscellaneous drug paraphernalia throughout the vehicle; and

- the defendant's cell phone.

The defendant was arrested and taken into state custody.

On or about February 18, 2025, ATF executed a lawful federal search warrant at the defendant's house in Pensacola, Florida. Agents found two additional M-type explosives matching those seized from the defendant's car, explosive making material and equipment, and other documentation and indicia that the defendant was making and selling explosives.

ATF also obtained and executed a lawful federal search warrant to forensically search the contents of his cell phone seized from his car. His phone contained conversations, photographs, videos, internet searches, and other indicia that the defendant was a member of the Outlaws and was making and selling explosives, including M-type ones similar to those seized from his car and house.

3

## ELEMENTS

The elements of arson by explosive causing personal injury, in violation of Title 18, United States Code, Section 844(i), as charged in Count One of the Superseding Indictment, are that:

(1) the Defendant damaged or attempted to damage the building or other real or personal property described in the indictment by means of an explosive;

(2) the Defendant acted intentionally or with deliberate disregard of the likelihood that damage or injury would result from his acts;

(3) the building or other real or personal property that the Defendant damaged or attempted to damage was used in interstate or foreign commerce or in activity affecting foreign or interstate commerce; and

(4) personal injury resulted.

JOHN P. HEEKIN
United States Attorney

*Randall Lockhart* (signature)

RANDALL LOCKHART
Attorney for Defendant

*signature*

GREGORY EARL SIMONDS JR.
Defendant

2-26-26

Date

*Alicia Forbes* (signature)

ALICIA H. FORBES
Assistant United States Attorney

3/10/26

Date

4